```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Aviva Sports, Inc.,              :

    Plaintiff,                :

  v.                              :       Case No. 2:15-mc-46

                                       :       JUDGE GEORGE C. SMITH
Manley Toys, Ltd.,               :       Magistrate Judge Kemp

    Defendant.                :

## ORDER

This matter is before the Court on a motion for an order of garnishment of property other than personal earnings. According to the motion, ASI, Inc., as the successor to Aviva Sports, Inc., is a judgment creditor holding an outstanding judgment entered by the District of Minnesota on August 21, 2013, against Manley Toys Ltd. in the amount of $8,588,931.59, plus interest. For the following reasons, the motion will be denied.

### I. Background

On September 14, 2015, ASI registered, in this Court, the Minnesota judgment obtained by Aviva. On September 29, 2015, ASI filed its first motion for order of garnishment of property other than personal earnings. That motion requested issuance of a post-judgment writ of garnishment against judgment debtor Manley Toys Ltd. to be served on Big Lots Inc. By order dated October 5, 2015, the previously assigned Magistrate Judge granted the motion and issued the order to garnishee Big Lots. On November 18, 2015, Big Lots filed its answer to the writ of garnishment indicating that it had no "money, property, or credits, other than personal earnings, of the judgment debtor" under its control or possession. On November 24, 2015, ASI filed the current

motion, which, from the Court's review, is identical to the first motion except for an updated certificate of service.

## II. The Motion

The allegations of the motion are as follows. Manley, the judgment debtor, is a Hong Kong entity with a principal place of business in Kowloon, Hong Kong. Manley conducts business in the United States under the trade name Toy Quest, Ltd. Toy Quest has been identified on letters, logos, and other documents as a division of Manley. After the judgment at issue was entered, Manley began carrying out most of its United States business using Toy Quest as a trade name. Toy Quest and Manley have the same employees with the same email and physical addresses. Toy Quest is also a Hong Kong entity with Manley's address and the same owners, directors, and website.

The motion instructs that, to the extent Big Lots, the garnishee, considers Toy Quest a separate entity from Manley, Big Lots is now on notice that payments to Toy Quest are payments to Manley "to the extent that it has received: invoices and communications from 'Toy Quest, Ltd.' that identify the company as a 'division of Manley'; communications from 'Toy Quest, Ltd.' from Manley employees; correspondence from 'Toy Quest, Ltd.' from Manley email addresses; and/or communications to and from 'Toy Quest, Ltd.' at Manley's physical address." ASI states that it has the "right" to garnish such payables because "the shifting of the business relationship with Big Lots from Manley to Toy Quest Ltd., after the Judgment is a fraudulent transfer under the Ohio Uniform Fraudulent Transfers Act." This motion is accompanied by a declaration of counsel attesting to these allegations in what is, in large part, nothing more than a reiteration of the motion itself.

## III. Discussion

ASI filed its motion under Fed.R.Civ.P. 64 and 69. Rule 64,

**Seizing a Person or Property**, states:

> **(a) Remedies Under State Law - In General.** At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.
>
> **(b) Specific Kinds of Remedies.** The remedies available under this rule include the following – however, designated and regardless of whether state procedure requires an independent action:
>
> arrest;
> attachment;
> garnishment;
> replevin;
> sequestration; and
> other corresponding or equivalent remedies.

Rule 69, **Execution,** states, in relevant part:

> **(a) In General.**
>
> **(1) Money Judgment; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Assuming the proper registration of the Minnesota judgment in this Court, as the above Rules provide, ASI is entitled to have the judgment enforced in accordance with Ohio law. To this end, the Minnesota judgment is treated as if it were rendered here and this Court has the authority to conduct supplementary proceedings in accordance with Ohio law.

The procedure for the commencement of a proceeding for garnishment of property other than personal earnings under Ohio law is set forth in Ohio Revised Code §2716.11. That section provides:

> A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following:
>
> (A) The name of the judgment debtor whose property the judgment creditor seeks to garnish;
>
> (B) A description of the property;
>
> (C) The name and address of the garnishee who may have in the garnishee's hands or control money, property, or credits, other than personal earnings, of the judgment debtor.

Initially, there are a number of problems the Court sees with the current motion. First, as explained above, this exact motion was previously granted and Big Lots was served. In response, Big Lots answered and indicated it had no property of the judgment debtor. This new motion, filed just six days later, is accompanied by the exact same declaration of counsel as the first. There is no indication that following Big Lots' original answer, ASI obtained new information calling that answer into question.

This issue, aside, however, the Court has additional concerns regarding the current motion. First, there is no evidence in the record demonstrating that ASI, Inc. is the successor to Aviva Sports Inc. aside from the brief mention in counsel's declaration that he "represents the judgment creditor, ASI Inc. as successor to Aviva Sports Inc." Further, as the Court reads the motion, ASI seeks to have this Court issue a writ of garnishment for the property and assets of Toy Quest, Ltd., a non-party to the judgment. Although not very clearly, ASI appears to assert, within the context of its motion for an order of garnishment, that there are two reasons why it would be reasonable for the Court to do this. The first reason ASI

-4-

asserts is that Toy Quest and Manley are the same entity because Toy Quest identifies itself as a "division" of Manley and they share a physical address, email addresses, and employees.  The second reason asserted by ASI appears to be that Manley's conducting business in the United States as Toy Quest following the judgment is a "fraudulent transfer under the Ohio Uniform Fraudulent Transfer Act."

    Focusing on the last concern first, ASI's motion presents a situation similar to that presented in Virgo v. Riviera Beach Associates Ltd., 20 Fed.Appx. 348 (6th Cir. 2001).  In Virgo, the district court had dismissed the plaintiff's Rule 69(a) action for supplementary proceeding in aid of collecting a judgment against various defendants.  The plaintiff had filed the action seeking to collect on a judgment entered in the United States District Court for the Southern District of Florida.  On appeal, the Court of Appeals explained that, in denying the plaintiff's request, the United States District Court for the Middle District of Tennessee had stated:

> [t]o the extent that [Plaintiff's] motion seeks to pierce the corporate veil of any entity and collect this judgment against any party who is not a named defendant in the Florida action , it is DENIED.  Such relief would have to be sought by filing a new lawsuit, initiated by the filing of a Complaint in the appropriate forum.
>
> Virgo v. Riviera Beach Assoc., Ltd., Civil No. 3:98-MC-075, slip op. at 2 (M.D. Tenn. Jan. 19, 1999).

Id. at 350.

    The Court of Appeals noted that the plaintiff had properly registered her Florida judgment in Tennessee and was, therefore, entitled to have her judgment enforced in accordance with Tennessee law.  However, the Court of Appeals found that plaintiff's request for supplementary proceedings did not comply

with Tennessee law.  Two interpretations of the plaintiff's request to the district court were noted by the Court of Appeals – that the district court issue writs of garnishment to third parties for defendants' properties within their possession or that the "district court issue writs of garnishments for the properties and assets of the third parties she claims to be alter egos" of a particular defendant.  With respect to the latter interpretation, the Court of Appeals explained that Tennessee law did not provide a mechanism for a judgment creditor to garnish the property of someone other than the judgment debtor, absent a showing of the third-party's liability.  Further, the Court of Appeals noted that the plaintiff had failed to pursue any rights and remedies available to her under Tennessee law to establish the liability of third parties.

In affirming the district court's order, the Court of Appeals made these further observations:

> This is not to say that Plaintiff is not entitled to supplementary proceedings under the proper circumstances.  Plaintiff is correct that Tennessee law allows the garnishment of property and assets belonging to a judgment-debtor that are in the possession of third parties.  It is equally true that Plaintiff may move the court to compel those third parties to testify as to the properties in their possessions or in others' possessions belonging to the judgment-debtor.  However, the court will only require those third parties to testify under oath in relation to garnishment proceedings after they have been properly served with writs of garnishment.  Moreover, Plaintiff must move the court within the proper time period.
>
> Supplemental proceedings may be available to Plaintiff under appropriate circumstances against the Defendants herein upon Plaintiff's submission of sworn affidavits and other sufficient documentation demonstrating that Defendants are concealing assets in response to her writs of garnishments and other collection efforts.  Such supplemental proceedings if they confirm Plaintiff's suspicions regarding the "alter ego" entities, may provide a basis for her

-6-

>  attempt to establish those entities' liability to her.
>  However, because the record before us indicates that
>  Plaintiff has failed to follow the proper legal
>  procedures, we cannot say that the district court erred
>  in denying Plaintiff's motion for supplementary
>  proceedings.

<u>Virgo</u>, 20 Fed. Appx. at 351-352 (citations omitted).

Here, as in <u>Virgo</u>, the Court concludes that the current motion for an order of garnishment must fail due to ASI's failure to comply with the governing state law.  Under Ohio law, the required language for the order and notice of garnishment of property, other than personal earnings, is set out by statute in O.R.C. §2716.13.  Under that statute, an order must contain the following language, in substantial form, "[t]he judgment creditor in the above case has filed an affidavit, satisfactory to the undersigned, in this Court stating that you may have money, property, or credits, other than personal earnings, in your hands or under your control that belong to the judgment debtor."  Ohio courts recognize that "[p]roperty held by a third party is subject to garnishment to satisfy the debts of a judgment debtor when, at the time of the service of the garnishment order, the judgment debtor has a right or title to the property. ...  On the other hand, where the judgment debtor himself has no present right to obtain the money or property from the garnishee, then the judgment creditor likewise has no right to the property."  <u>E. Liverpool v. Buckeye Water Dist.</u>, 972 N.E.2d 1090, 1101 (Ohio 7th Dist. 2012)(citation omitted).  Further, "[t]he garnishor has the initial burden to prove that the property being garnished is the property of the judgment debtor."  <u>Id</u>. citing <u>Davis v. Sean M. Holley Agency, Inc.</u>, 2010 WL 4311683 (Ohio 2d Dist. 2010).

Through its current motion, ASI asserts that any property of Toy Quest is property of the judgment debtor, Manley Toys.  ASI has provided nothing to support this claim beyond a declaration

of counsel.  There are problems with this declaration.  First, it offers only a legal conclusion that "the shifting of the business relationship with Big Lots from Manley to Toy Quest, Ltd., after the Judgment is a fraudulent transfer under the Ohio Uniform Fraudulent Transfer Act" as grounds for granting the motion.  More fundamentally, however, it is a declaration made under penalty of perjury and not an affidavit.  Under Ohio law, an order of garnishment must rely on a satisfactory affidavit.  Ohio law does not recognize "any exception to the statutory requirement that a valid affidavit must be a 'written declaration under oath.' R.C. 2319.02." Toledo Bar Assn. v. Neller, 102 Ohio St.3d 1234, 1236 (2004).

    Beyond this, ASI has not demonstrated that Ohio law provides any mechanism for a judgment-creditor to garnish the property of someone other than the judgment debtor absent a showing of that party's liability.  Moreover, ASI has provided no evidence of its efforts to pursue any rights or remedies under Ohio law to establish Toy Quest's liability for the judgment.  It has also not litigated the issue of whether Toy Quest is some type of alter ego of Manley, or whether some fraudulent transfer of assets has taken place from Manley to Toy Quest, in the court where the original judgment was entered.  Finally, as noted above, ASI has provided no evidence supporting its claim that it is a successor in interest to Aviva.  Under these circumstances, the Court cannot simply substitute a non-party for the party who is the named judgment debtor and permit the plaintiff to capture any assets belonging to that non-party.

    For all of the reasons, ASI's motion for an order of garnishment will be denied.

### IV. Conclusion

    For the reasons stated above, the motion for an order of garnishment of property other than personal earnings (Doc. 13) is

denied.

### MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge